TALBOTT *v.* RANDALL.

Filed January 26, 1885.

ATTACHMENT—AFFIDAVIT—MISTRIAL.

Upon the trial of issues as to the grounds of attachment, the affidavit itself was mislaid, the counsel had never seen it, and the case was tried, both by the court and counsel, upon the theory that but one ground of attachment was laid in the affidavit, viz., that defendant fraudulently disposed of his property, when in fact it contained the further ground that the debt was fraudulently contracted. *Held* a mistrial, and that a new trial should be ordered.

Appeal from Second judicial district court, Bernalillo county.

*Niell B. Field* and *Warren Bristol,* for appellant.

*William B. Childers,* for appellee.

AXTELL, C. J.　This was a trial as to the truth of the allegations of an affidavit for attachment. In this proceeding, under the statutes of New Mexico, the affidavit for attachment is the complaint in the case, and a simple denial of its truth puts the case at issue, and the trial proceeds before the court and jury as in other cases at law. Counsel who tried the case at *nisi prius,* and who presents the case to us for review, was not regularly of counsel in the case, and had never seen the affidavit at the time of the trial. It is stated to us in open court, and not denied, that the affidavit for attachment or complaint in the case had been mislaid, and was not produced or read at the trial, and that the trial proceeded, and rulings upon introduction of evidence were made upon the theory that there was but one ground for attachment laid in the complaint, viz., that the defendant "had fraudulently conveyed, assigned, and disposed of his property or effects so as to hinder, delay, or defraud his creditors, "when in fact, as appears from the record before us, the complaint or affidavit for attachment contained another count, viz., that the defendant fraudulently contracted the debt or incurred the obligation respecting which the suit was brought. We cannot, in justice to the learned judge who presided at the trial, consider his rulings upon the admission of evidence in the light of the second count, for it was not called to his attention, and it is not to be tolerated that a judge at *nisi prius* is to be held responsible for rulings upon points to which his attention was not distinctly called. But we think that error crept into this case because the allegations contained in the complaint were not all before the court, and we are, therefore, of opinion that it was a mistrial, and that a new trial should be had; and it is so ordered.

WILSON, J., concurs.